UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE KING/MOROCCO | CIVIL ACTION |
| VERSUS | NO. 18-8966 |
| PREMIER HONDA OF NEW ORLEANS | SECTION: "G"(1) |

## ORDER

Before the Court is Plaintiff "The King/Morocco's" ("Plaintiff") "Motion of Appeal" challenging the Magistrate Judge's October 2, 2018 Order denying Plaintiff leave to proceed *in forma pauperis*.[1] Having considered the motion, the record, and the applicable law, the Court will deny the motion and affirm the Magistrate Judge's October 2, 2018 Order.

## I. Background

On September 26, 2018, Plaintiff filed a *pro se* Complaint against Defendant Premier Honda of New Orleans.[2] In the Complaint, Plaintiff alleges that Defendant discriminated against him in its hiring practices.[3] Attached to the Complaint is a copy of the U.S. Equal Employment Opportunity Commission Charge of Discrimination filed by Myron G. Simms, Jr.[4]

In conjunction with the Complaint, Plaintiff also filed an Application to Proceed in District Court without Prepaying Fees or Costs.[5] Pursuant to Local Rule 72.1(B)(1), the Application to

---

[1] Rec. Doc. 4.

[2] Rec. Doc. 1.

[3] *Id.* at 1.

[4] *Id.* at 7–11.

[5] Rec. Doc. 2.

1

Proceed in District Court without Preparing Fees or Costs was automatically referred to the Magistrate Judge for determination. The applicant reports "0" pay or wages and no income from other sources.[6] In the sections of the form where the applicant must list assets, expenses, dependents, and debt, no information is reported except for "N/A."[7] There is no signature on the signature line following the declaration stating "I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims."[8] Instead, the following note is hand-written in its place: "Status: Sovereign. I Affirm Autograph: The King/Morocco."[9]

On October 2, 2018, the Magistrate Judge denied the Motion to Proceed *in Forma Pauperis* without prejudice.[10] The Magistrate Judge noted that it appeared from the filings that "The King/Morocco" is an alias of Myron G. Simms, Jr., and that "The King/Morocco" was asserting a claim based on discrimination allegedly experienced by Mr. Simms.[11] However, the Magistrate Judge also noted that Plaintiff had not explicitly stated that "The King/Morocco" was the alias of Mr. Simms.[12] The Magistrate Judge found that a determination on whether Plaintiff could proceed *in forma pauperis* could not be made because Plaintiff had not presented a properly signed

---

[6] *Id.* at 1.

[7] *Id.* at 2.

[8] *Id.*

[9] *Id.*

[10] Rec. Doc. 3.

[11] *Id.* at 1.

[12] *Id.*

declaration, declaring under penalty of perjury his income, assets, expenses, and debts.[13] Therefore, the Magistrate Judge denied the motion without prejudice.[14]

Over five months later, on March 25, 2019, Plaintiff filed the instant motion seeking review of the Magistrate Judge's Order.[15] In the motion, Plaintiff asserts that he is "The King/Morocco," and he "is in sovereign status as protected by the United States Constitution. . . ."[16] Attached to the motion, Plaintiff includes another application to proceed *in forma pauperis*.[17] The applicant reports "0" pay or wages and no income from other sources.[18] In the sections of the form where the applicant must list assets, expenses, dependents, and debt, no information is reported except for "N/A."[19] On the signature line following the declaration that "I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims," there is no signature.[20] Instead, the following is hand-written: "The King/Morocco."[21]

## II. Standard of Review

With certain exceptions not applicable here, a district judge "may designate a magistrate

---

[13] *Id.*

[14] *Id.*

[15] Rec. Doc. 4.

[16] *Id.* at 1.

[17] *Id.* at 3.

[18] *Id.*

[19] *Id.* at 4.

[20] *Id.*

[21] *Id.*

3

judge to hear and determine any pretrial matter pending before the [district] court."[22] A party may file objections to a Magistrate Judge's Order "within 14 days after being served with a copy."[23] When objections are raised to non-dispositive pretrial matters, a district court must consider timely objections and "modify or set aside any part of the order that is clearly erroneous or contrary to law."[24] Under this highly deferential standard, the court will reverse only when "on the entire evidence [it] is left with a definite and firm conviction that a mistake has been committed."[25]

### III. Law and Analysis

As an initial matter, Plaintiff's objections to the Magistrate Judge's October 2, 2018 Order are untimely. The objections were filed over five months after Plaintiff was served with a copy of the Order by mail. Furthermore, Plaintiff has not shown that the Magistrate Judge's Order denying him leave to proceed *in forma pauperis* is clearly erroneous or contrary to law.

The statute authorizing the court to grant in forma pauperis status to an indigent litigant states that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.[26]

---

[22] 28 U.S.C. § 636(b)(1)(A).

[23] Fed. R. Civ. P. 72(a).

[24] *Id.*

[25] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[26] 28 U.S.C. § 1915(a)(1).

4

The mere execution of an affidavit of indigence does not automatically entitle a litigant to proceed *in forma pauperis*.[27] Rather, a court enjoys limited discretion to grant or deny a motion for leave to proceed in forma pauperis based upon the financial statement set forth within the applicant's affidavit.[28] 28 U.S.C. § 1746 provides that matters may be proven by an unsworn declaration that is "subscribed by [the declarant], as true under penalty of perjury, and dated."

Here, Plaintiff has not signed the declaration in support of his application to proceed *in forma pauperis*. Therefore, he has not established that he is entitled to proceed *in forma pauperis*. Accordingly, the Magistrate Judge's Order denying him leave to proceed *in forma pauperis* is clearly erroneous or contrary to law.

### IV. Conclusion

For the reasons stated above, Plaintiff's objections to the Magistrate Judge's October 2, 2018 Order were not timely filed. Furthermore, the Magistrate Judge's October 2, 2018 Order was not clearly erroneous or contrary to law. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion of Appeal"[29] is **DENIED** and the Magistrate Judge's October 2, 2018 Order is **AFFIRMED.**

**NEW ORLEANS, LOUISIANA**, this ___29th___ day of April, 2019.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[27] *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 337 (1948).

[28] *Id. See also Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. Unit A June 1981).

[29] Rec. Doc. 4.